IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 1 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| Plaintiff | § § § | |
| v. | § | CRIMINAL NO. B-05-499 |
| GERARDO SOSA | § § § | |
| Defendants | § | |

## OPINION & ORDER

BE IT REMEMBERED that on February 20, 2007, the Court considered Defendant's Motion for Return of Property. Dkt. No. 92.

Defendant requests the return of a Colt 38 pistol, serial number 38SS01304. *Id*. Defendant seeks to have the pistol released to a member of Defendant's family, under the authority of 18 U.S.C. § 983. *Id*.

Contrary to Defendant's arguments, 18 U.S.C. § 983 is not applicable to Defendant's case. Nonetheless, the Court will consider Defendant's request under the auspices of the appropriate statute, 18 U.S.C. § 924(d)(1) and (2)(C). Under that statute, which provides the penalties for violations of 18 U.S.C. § 924(a)(1)(A) and (2) — the provisions under which Defendant was convicted, "[o]nly those firearms and quantities of ammunition particularly named and individually identified as involved in or used in" the crimes for which Defendant was convicted are subject to forfeiture. 18 U.S.C. § 924(d)(2)(C). Furthermore, "[a]ny action or proceeding for the forfeiture of firearms of ammunition shall be commenced within one hundred and twenty days of" the seizure of the firearms and/or ammunition. *Id*. § 924(d)(1). Finally, upon the dismissal of the charges against a defendant, any seized or relinquished firearms and/or ammunition must be returned to the defendant "or to a person delegated by [the defendant] unless the return of the firearms or ammunition would place the [defendant]

or his delegate in violation of law." *Id*.

In this case, Defendant was convicted of violating 18 U.S.C. § 924(a)(1)(A) and (2), for making false statements related to two Bushmaster, .223 caliber semi-automatic rifles. *See* Dkt. No. 50. All other charges against Defendant were dismissed. *Id*. Thus, Defendant was not convicted of a violation related to the Colt 38, and that firearm must be returned to him, provided that its return will not place him in violation of law. *See* 18 U.S.C. § 924(d)(1), (2)(C).

However, in Texas, Defendant may not possess a firearm until five years after the end of his supervised release term. TEX. PENAL CODE § 46.04(a)(1). Therefore, the Colt 38 may not be returned to him, because possession of said firearm by Defendant would be a violation of Texas law. *See* 18 U.S.C. § 924(d)(1). Nevertheless, the firearm can be returned to a delegate appointed by Defendant, if possession of the firearm by that person would not be a violation of law. *Id*. Thus, the Court finds that Defendant's request should be granted, so long as Defendant can show that the release of the firearm to a member of his family would not place said family member in violation of law and that the firearm will not be kept at a location where Defendant is residing upon the conclusion of Defendant's sentence.

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Return of Property, under the condition that any family member must provide a sworn affidavit stating that obtaining possession of the firearm by said family member does not place that family member in violation of law.[1] Dkt. No. 92.

DONE at Brownsville, Texas, this 20 day of February, 2007.

Hilda G. Tagle
United States District Judge

---

[1] This Order in no way implies that Defendant is permitted to re-obtain possession of the Colt 38 before he is legally able to do so. Rather, the firearm should not be in Defendant's possession or made available to him until he is legally permitted to have possession of a firearm. *See* 18 U.S.C. § 924(d)(1); TEX. PENAL CODE § 46.04(a)(1).